PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __William Lester Donaldson__   Docket No. __3:11CR00079__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Tim Searcy__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __William Lester Donaldson__ who was placed under pretrial release supervision by the __Honorable E. Clifton Knowles, U.S. Magistrate Judge__ sitting in the Court at __Nashville, Tennessee__, on __April 28, 2011__, under the following conditions: Please reference attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page five of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Tim Searcy | Nashville, TN | August 22, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event**   Trial   To be scheduled
                                 Event   Date

## PETITIONING THE COURT

■ No Action  ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant  ☐ Other

---

THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____   _____
Date              Time

Considered and ordered this __22nd__ day of __August__, __2012__, and ordered filed and made a part of the records in the above case.

_E. Clifton Knowles_
The Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
William L. Donaldson
Case No. 3:11-CR-00079-01
August 22, 2012

On April 28, 2011, William Lester Donaldson appeared before the Honorable E. Clifton Knowles, U.S. Magistrate Judge, for a Detention Hearing related to him being charged with the unlawful Distribution of Hydrocodone, in violation of Title 21 United States Code § 841(a)(1). Upon commencement of the hearing, the Government withdrew its motion for detention and asked the Court to release the defendant on a personal recognizance bond with pretrial supervision. The Court accepted the Government's recommendation and released the defendant on bond with conditions of pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATIONS:**

**Violation No. 1: Shall not commit any offense in violation of any federal, state, or local law:**

On Thursday, August 16, 2012, defendant Donaldson was arrested for the offense of Criminal Trespass in Celina, Clay County, Tennessee, Case No. 14000101705. According to the affidavit of complaint made by Brian Pennington, he, his wife (Kayelani Pennington), and brother (Bojan Williams), found defendant Donaldson inside of their residence upon their return home. According to the affidavit in support of the warrant, they first spotted the defendant's vehicle parked in the driveway and then noticed both the front and screen doors were open. Brain Pennington further stated they could see defendant Donaldson inside the residence.

When Brain Pennington approached his front door, he alleges Donaldson was standing inside his living room. The Pennington residence is located at 106 Pitcock Lane in Celina, Tennessee. When Brian Pennington asked defendant Donaldson what he was doing inside his residence, he asserts Donaldson began screaming and cursing at him. About that time, Chief of Police Terry Scott and Officer Jeff Allen, of the Celina Police Department, arrived on the scene. Defendant Donaldson was charged with Criminal Trespassing after Brain Pennington advised Donaldson was inside his residence without permission or authorization.

**Violation No. 2: Shall not commit any offense in violation of any federal, state, or local law:**

On Saturday, August 18, 2012, Kayelani Pennington sought a charge for harassment against defendant Donaldson. According to Mrs. Pennington's sworn statement, she, her husband (Brian Pennington), and her step daughter (Chelsey Pennington), were at their home located on 106 Pitcock Lane, when defendant Bill Donaldson drove by their residence, repeatedly screaming and cursing them. It was also noted that this conduct had been reported to the Celina Police Department, and police official had admonished Mr. Donaldson to stay away from the Pennington property and stop bothering the residents.

2

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
William L. Donaldson
Case No. 3:11-CR-00079-01
August 22, 2012

A summons was issued for defendant Donaldson to appear in Clay County General Sessions Court on August 24, 2012, at 9:00 AM.

**Probation Officer's Actions**:

As required by the Order Setting Conditions of Release, dated April 28, 2011, defendant Donaldson telephonically reported his contact with law enforcement to Pretrial Services within 48 hours of the contact. In a voice mail message left on Friday, August 17, 2012, defendant Donaldson advised he had been arrested for Tresspassing, but denied he had done anything wrong. He stated he was asked to feed a puppy he had given the family, and noted he had been given keys to the house for that purpose.

When Officer Searcy called defendant Donaldson to gather additional information, Donaldson opined the new charges filed against him was done in retaliation after he [Donaldson] obtained an assault warrant against Bojan Williams, the younger brother of Brian Pennington. Donaldson claimed he had been assaulted by Williams last weekend, resulting in him almost losing sight in his left eye. He also claimed the injuries sustained required medical attention and treatment. He remarked he had been receiving calls from all of Williams' immediate family to drop the charges, because it could cause Williams' state probation to be revoked.

On the evening of Saturday, August 18, 2012, Officer Joshua Smith of the Celina Police Department contacted Officer Searcy telephonically, and advised his agency had several persons wanting warrants against Donaldson for harassment. He noted his agency had been responding to frequent calls over the last couple days concerning Donaldson, and emphasized his agency has been overwhelmed with calls from both parties in this ongoing dispute. Officer Searcy agreed to call Mr. Donaldson and admonish him to stay away from the Penningtons and allow the local judicial process to work to completion. Indeed, Officer Searcy telephonically called defendant Donaldson at 9:33 PM on August 18, 2012, and communicated the cease and desist admonishment. Again, defendant Donaldson denied instigating anything with the Penningtons.

On Tuesday, August 21, 2012, Senior U.S. Probation Officer Tim Searcy obtained a copy of the warrant and summons referenced above within this petition. In addition, Officer Searcy attempted to interview any officers that might have direct knowledge of the subject incidents. Celina Chief of Police Terry Williams came to the Clay County Sheriff's Office to meet and discuss what he knows about the situation.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
William L. Donaldson
Case No. 3:11-CR-00079-01
August 22, 2012

Chief Scott confirmed his agency has been inundated with calls from both parties over the last few days concerning the friction between William Donaldson and the family of Bojan Williams. Unfortunately, officers have not been able to arrive in time to personally observe what is actually occurring. Chief Scott confirmed that Donaldson sought a warrant against Bojan Williams last week for assaultive conduct. As to the trespassing incident, Chief Scott revealed defendant Donaldson had been admonished to stay away from the Penningtons' property by him personally. Chief Scott noted they have all been associated with each other for years, and does not know the true source of their current dispute. He then suggested this officer follow him to the residence of Barbara Myers who had called and left a message for this officer concerning these matters.

Officer Searcy followed Chief Scott to the residence of Barbara Myers. In addition to Myers, also present were Kalelani Pennington and Bojan Williams. They confirmed the information contained in the warrant taken by Brian Pennington and the summons based on the testimony of Kayelani Pennington. When asked if they know of any reason defendant Donaldson could be acting in the way they assert, they noted Donaldson has always had a sexual interest in Brian Pennington. Bojan Williams concurred that Donaldson had also requested sexual favors from him in the past, and insinuated he [Donaldson] has to half the males living in Clay County.

After terminating the contact at Barbara Myers' residence, Officer Searcy proceeded to William Donaldson's residence. Again, defendant Donaldson denied any wrong doing as alleged in the recent charges filed against him. He was instructed to provide a urine sample for drug testing which he complied. Prior to submitting the sample, he was questioned about any controlled substances prescribed him that might produce a positive test result. The only medication he had taken recently was that prescribed him after the assault by Bojan Williams. He then showed Officer Searcy his prescription for hydrocodone, filled at Rite-Aid on August 12, 2012. Results of this test are outstanding as the sample was sent for laboratory analysis. Again, Mr. Donaldson was admonished to stay away from the Penningtons, Bojan Williams, and Barbara Myers, until the local court system had ruled in the outstanding matters filed in Clay County, Tennessee. Mr. Donaldson agreed.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
William L. Donaldson
Case No. 3:11-CR-00079-01
August 22, 2012

**Respectfully Petitioning the Court as Follows**:

It is respectfully requested that no action be taken at this time, to afford the local criminal justice system to sort through the allegations and determine appropriate actions to be taken for matters under their jurisdiction.

Approved:

Kenneth Parham
Supervisory U.S. Probation Officer

5

# UNITED STATES DISTRICT COURT

MIDDLE District of TENNESSEE

United States of America

V.

WILLIAM LESTER DONALDSON
Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 3:11-00079

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
Place

_____ on _____
Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) The defendant promises to appear at all proceedings as required and to surrender

( ) The defendant executes an unsecured bond binding the defendant to pay _____ dollar _____ )
in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION: COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community,

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____  _____
         Custodian or Proxy                    Date

( X ) (7) The defendant shall:
- (✓)(a) report to the U.S. Pretrial Services as directed, telephone number (615) 736-5771, not later than _____
- ( )(b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( )(c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
- ( )(d) execute a bail bond with solvent sureties in the amount of $ _____
- ( )(e) maintain or actively seek employment.
- ( )(f) maintain or commence an education program.
- (✓)(g) surrender any passport to: Pretrial Services
- (✓)(h) obtain no passport.
- (✓)(i) abide by the following restrictions on personal association, place of abode, or travel: Restricted to M.D. TN, without prior approval of Pretrial Services
- (✓)(j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
- (✓)(k) undergo medical or psychiatric treatment and/or remain in an institution as follows: undergo mental health treatment and counseling as directed by Pretrial Services
- ( )(l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( )(m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- (✓)(n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- (  ) refrain from ( ) any ( ) excessive use of alcohol.
- (✓)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, and if any such drugs are prescribed or have been prescribed report the to Pretrial
- (✓)(q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- (✓)(r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer. Services
- (✓)(s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( )(t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  - ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- (✓)(u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. and within 48 hours
- (✓)(v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.
- ( )(w) Surrender state pharmacy license and DEA Registration Number
- (✓)(x) Stay Away from Donaldson Pharmacy, and have Prescriptions filled at another pharmacy.

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

### Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: April 28, 2011

_____
Signature of Judicial Officer

E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL